Bertha Bennett and Alton Porter, Appellants,

v.

Edwin Seave and Mid–Penn Consumer
Discount Co., Appellees.

Superior Court of Pennsylvania

No. 01531 Philadelphia, 1985

Before WICKERSHAM, McEWEN and JOHNSON, JJ.

MEMORANDUM:

This is an appeal from an order which denied appellants'
motion for preliminary injunction and from an order which
granted appellees' motion for judgment on the pleadings.
We reverse.

The able opinion of the distinguished Judge Joseph P.
Braig, as revised to reflect the roles of the parties to this
appeal, accurately describes the underlying facts:

Appellants brought a class action suit against appellee
consumer finance company and its president seeking in-
junctive relief and money damages for appellees' alleged
violation of 41 P.S. § 101 *et seq.* (Act 6) and 35 P.S.
§ 1680.401(c) *et seq.* (Act 91). Act 6 pertains to the
foreclosure of residential mortgages, and Act 91 deals
with state-funded emergency assistance to homeowners
in a residential mortgage situation.

Appellants borrowed money from appellee loan company
and, in consideration thereof, executed personal promisso-
ry notes as well as home mortgages. Upon default on
the loan payments, appellee ultimately filed Complaints in
Assumpsit *on the notes* evidencing the underlying loan
transactions. No attempts were made to foreclose on the
mortgages; appellees specifically limited their rights of
recovery to personal property only.

The hearing court specifically found that appellees had not provided to appellants the notices specified by the Acts, but further found that such notices were unnecessary to an attempt to secure collection upon a defaulted consumer loan, by way of a complaint in assumpsit in which execution is restricted to personalty. As a result, the court denied appellants' motion for preliminary injunctive relief and granted appellees' motion for judgment on the pleadings.

Appellants present three issues for our consideration on appeal:

I. Appellees' practice of sending a "notice of intention to sue on note and accelerate loan balance" and of filing complaints in assumpsit without complying with Act 91 and Act 6 is an unlawful unfair trade practice.

II. The lower court committed an error of law in holding that defendants need not comply with Act 91 and Act 6 before filing assumpsit actions to collect loans secured by residential mortgages.

III. This case should be remanded so that the lower court may determine under the correct legal principles whether a preliminary injunction should issue.

The linchpin of appellants' argument is the contention that appellees, because they hold a mortgage upon the residence of appellants as security for an obligation resulting from a loan, are prohibited by both Act 91 and Act 6 from instituting, without prior compliance with the notice requirements of Act 6 and Act 91, *any* legal action, whether it be a mortgage foreclosure action or whether it be, as here, an action in assumpsit in which the lender is restricted to execution against the personalty of the borrower. We agree.

The Loan Interest and Protection Law (Act 6) provides a number of protections for debtors including a notice requirement which states in relevant part:

Before *any residential mortgagee may* accelerate the maturity of any residential mortgage obligation, *commence any legal action* including mortgage foreclosure *to recover under such obligation,* or take possession of

any security of the residential mortgage debtor for such residential mortgage obligation, such person shall give the residential mortgage debtor notice of such intention at least thirty days in advance as provided in this section. (emphasis supplied).

Act of January 30, 1974, No. 6, P.L. 13, 41 P.S. § 403(a).

In 1984, the Homeowners Emergency Assistance Act, 35 P.S. § 1680.401c *et seq.* ("Act 91") was enacted to insulate economically distressed obligors whose indebtedness was secured by a mortgage upon their home. The notice requirement of Act 91 mirrors that of Act 6 and states:

> *Before any mortgagee may* accelerate the maturity of any mortgage obligation covered under this article, *commence any legal action* including mortgage foreclosure *to recover under such obligation,* or take possession of any security of the mortgagor debtor for such mortgage obligation, such mortgagee shall give the mortgagor notice as described....

Act of December 23, 1983, No. 91, P.L. 385, 35 P.S. § 1680.402c(a).

It is seen then that both acts declare that notice must be given before *any legal action* may be commenced to recover under the mortgage obligation. Thus, the crucial issue becomes: What is the definition of a mortgage obligation?

Act 6 defines a residential mortgage as:

> ... an obligation to pay a sum of money in an original bona fide principal amount of $50,000 (Fifty Thousand Dollars) or less, evidenced by a security document and secured by a lien upon real property located within this Commonwealth containing two or fewer residential units or on which two or fewer residential units are to be constructed and shall include such an obligation on a residential condominium unit.

41 P.S. § 101.

The definition of "mortgage" supplied by Act 91 reads:

> For the purpose of this article the term "mortgage" shall include any obligation evidenced by a security document

and secured by a lien upon real property located within this Commonwealth, including, but not limited to, a deed of trust and land sale agreement. The term shall also include an obligation evidenced by a security lien on real property upon which an owner occupied mobile home is located.

35 P.S. § 1680.401c(a).

Thus, we see that the term "obligation" refers not to the document of mortgage that secures the debt, but to the debt itself. With that understanding in mind, it becomes clear that the notice requirement of each act requires the conclusion that notice must precede "any legal action ... to recover" the debt.

Appellees assert that such notice is required only before the mortgagee initiates proceedings in mortgage foreclosure. Such an assertion focuses, however, upon the security for repayment of the obligation instead of upon the obligation—i.e. the debt—itself. It should be emphasized that we do not arrive at this result easily since the legislation under review provides such abundant reference to the relationship between the parties as mortgagor and mortgagee that the conclusion of the hearing court is understandable. Nonetheless, our study of both acts leads us to conclude that the requirement of notice stems from the fact of an obligation secured by a mortgage and that, as a result, notice must precede any legal action to effect recovery under the obligation. The loan in question is clearly a mortgage obligation as defined in both Acts. The definition of "mortgage" in each act requires that conclusion. The fact that appellees have restricted their right to execution under the judgment in assumpsit to the personal property of appellants does not enable appellees to escape the mandate of notice. Therefore, appellees are precluded from instituting action against any assets of the appellants without prior compliance with the notice requirements of both Acts.

Order reversed. Case remanded for proceedings consistent herewith. Jurisdiction relinquished.